## JAMES J. DEVLIN v. GEORGE LE TOURNEAU.[1]

June 20, 1913.

Nos. 18,074—(133).

**Violation of lease — waiver by landlord.**

1. A violation by the lessee of a provision of the lease against subletting the leased premises, *held* to have been waived by the lessor, and that by such waiver the sublessee became a lawful tenant of the property.

**Successor to landlord bound by waiver.**

2. Plaintiff, subsequent to the waiver, succeeded to the title of the lessor, expressly, "subject to the rights of tenants in possession." It is *held* that plaintiff is bound by the waiver of his predecessor in title, the lessor, and cannot insist upon the violation of the lease.

**Evidence of violation.**

3. There was no violation of this provision of the lease subsequent to the time plaintiff became the owner of the property.

Action in the district court for Cottonwood county for restitution of premises and the sum of $300 damages for the withholding thereof. The facts are stated in the opinion. The case was tried before Nelson, J., who denied defendant's motion for an instructed verdict and granted plaintiff's motion to instruct the jury to return a verdict in favor of plaintiff for the possession of the premises and for such damages for their detention as in the judgment of the jury the evidence warranted. The jury returned a verdict in favor of

[1] Reported in 142 N. W. 155.

plaintiff and for $72 damages. From an order granting a motion for judgment in favor of defendant notwithstanding the verdict, plaintiff appealed. Affirmed.

*O. J. Finstad* and *A. J. Daley,* for appellant.
*Wilson Borst* and *J. G. Redding,* for respondent.


BROWN, C. J.

Action in ejectment. Plaintiff had a verdict on the trial below, and appealed from an order made on defendant's motion, directing judgment for defendant notwithstanding the verdict. The motion was in the alternative, for a judgment or a new trial.

The facts are as follows: One Goldsmith was the owner of the property involved in the action and in November, 1903, leased the same to defendant for the term of 10 years. Defendant soon thereafter sublet the premises to one Reipke, who entered into and remained in the possession of the same for about seven years and up to the time of the commencement of this action. Goldsmith died in June, 1911, and the property passed to his heirs. Plaintiff succeeded to their title and in July, 1911, brought this action to recover possession of the property on the ground that defendant had violated the lease from Goldsmith by subletting the premises to Reipke. The court below on the trial held that the act of defendant in subleasing the property to Reipke was a violation of the Goldsmith lease, and a forfeiture of defendant's rights thereunder, and a verdict was directed for plaintiff. On the motion for a new trial or for judgment notwithstanding the verdict, the court concluded that the order directing a verdict was erroneous; and held that the violation of the Goldsmith lease was waived by the lessor, and judgment was ordered for defendant.

We are of opinion and so hold that the trial court, on the evidence presented, rightly directed judgment for defendant.

The heirs of Goldsmith conveyed the property to Johnson and Van Nest "subject to the rights of tenants in possession and subject to any lease that may be against said premises." The conveyance from Johnson and Van Nest to plaintiff, a warranty deed, contained the same reservation, and the title to the property thereby

became vested in him, subject to the rights of tenants then in possession of the property. It may be conceded that the act of defendant in subletting the property to Reipke was a violation of his lease entitling Goldsmith to revoke the same. But Goldsmith never exercised the right, and the court was justified from the evidence in finding that he waived the violation. The lease to Reipke was made some 8 or 10 years prior to Goldsmith's death, during all of which time Reipke was permitted to remain in possession of the property without objection by Goldsmith, or claim on his part that the terms of the lease against subletting had been violated. Under such circumstances, and there is no controversy about the facts, there was a clear waiver.

Counsel for plaintiff does not seriously contend to the contrary. He does contend, however, that the sublease was from month to month, and that each renewal thereof constituted a new violation of the original contract. In this we do not concur. The original subletting was the essential act of violation, and the acquiescence therein of Goldsmith was a waiver, and effectually placed Reipke in the position of tenant in the rightful possession of the property. Being such tenant, his rights were not only recognized but clearly protected by the clause in the conveyance by which plaintiff became the owner of the property, "subject to the rights of tenants in possession." Had defendant subleased the property, after plaintiff became the owner, to some person other than Reipke, no doubt such act would have constituted a new violation of the contract of which plaintiff could complain. But there was no such new leasing. Reipke had been by Goldsmith accepted as a subtenant, the act of defendant in leasing the property to him had been waived, and, by the reservation in his deed, plaintiff took the title subject to all rights created by such waiver. Plaintiff is bound by the waiver, and stands in no better position than Goldsmith, and can claim no rights in this respect the lessor could not have insisted upon had he or his heirs brought the action. There was therefore no violation of the lease after plaintiff became the owner.

The record sufficiently discloses that all the evidence is contained therein.

Order affirmed.